PHILLIP A. TALBERT
United States Attorney
KAREN ESCOBAR
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Plaintiff United States of America

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALBERTO DOMINGUEZ, JR.,<br><br>Defendant. | No. 1:14-cr-00226 DAD-BAM<br><br>ORDER TO PRODUCE REPRESENTATIVE SAMPLE FOR RETESTING BY DEFENSE |

UPON THE STIPULATION OF THE PARTIES for an order that requires the Government to produce, for qualitative retesting and/or quantitative retesting by a defense expert, a representative sample from the controlled substance exhibit the Government intends to introduce in its case-in-chief,

IT IS HEREBY ORDERED AND DECREED, in accordance with Fed. R. Crim. P. 16(a)(1)(E), that the Government shall extract samples from LIMS Number: 2014-SFL7-02712, DEA Drug Exhibit 1, sufficient in its discretion to perform the qualitative and quantitative analyses; and

IT IS FURTHER ORDERED that the  Government shall deliver, in a manner it deems consistent with the type and quantity of controlled substance at issue, and considering the expert's

1   proximity to the originating Drug Enforcement Administration (DEA) laboratory, a representative
2   sample of the exhibit identified above to the defense expert, who has been specifically identified
3   as Eduardo Espiritu at the laboratory that has been specifically identified as Central Valley
4   Toxicology, which is physically located at 1580 Tollhouse Rd., Clovis, CA 93611 and with a
5   mailing address of 1580 Tollhouse Rd., Clovis, CA 93611.  The expert shall possess and present
6   in advance, as a prerequisite to the delivery of the exhibits, a current and valid DEA registration
7   sufficient to perform the qualitative and quantitative analyses of the schedule of controlled
8   substance at issue, in accord and in full compliance with the applicable DEA registration
9   procedures, found at 21 C.F.R. § 1301.11 *et seq.*; and

10           IT IS FURTHER ORDERED that, upon delivery of the exhibit to the defense expert, the
11  expert shall sign and return by Registered Mail, Return Receipt Requested, all accompanying
12  forms (including Form DEA-12, "Receipt For Cash Or Other Items") indicating receipt of the
13  sample. Following the qualitative and/or quantitative analyses ordered herein, the individual who
14  actually conducted the inspection or reanalysis shall provide the Government with a Declaration
15  Under Penalty of Perjury pursuant to 28 U.S.C. § 1746.  The Declaration will state the quantity of
16  each exhibit consumed during analysis (if any) as well as the weight of each exhibit both received
17  from and returned to the Government.  The Declaration shall be delivered to the Government
18  immediately upon completion of the analyses ordered herein; and

19           IT IS FURTHER ORDERED that, in accordance with Fed. R. Crim. P. 16(b)(1)(B), the
20  defendant shall provide the Government with a copy of the results or reports of the analyses under
21  this Order; and

22           IT IS FURTHER ORDERED that:
23      (1) The defense agrees that any reweighing of the exhibit will be conducted first and
24          separately from any retesting involving qualitative and/or quantitative analyses of the
25          laboratory exhibit, if such a separate order is entered;
26      (2) The defense shall coordinate with the Government a convenient date and time for the
27          analyses ordered herein, which date shall be within thirty (30) days of the date of this
28          Order;

(3) The defense expert's analyses may be observed by a Government law enforcement officer, who reserves the right to videotape the analyses or any portion thereof;

(4) The defense expert is responsible for safeguarding the exhibit(s)/sample(s), preserving the chain of custody in a manner to faithfully protect its integrity;

(5) The defense expert is responsible for repackaging each internal sample/exhibit package into a heat-sealed evidentiary envelope, which heat-sealed container shall be placed into a separate heat-sealed envelope, which shall be secured in such a manner that tampering will be readily observable;

(6) Upon completion of any other reanalysis, the defense expert shall return any residual substance and its original packaging to the law enforcement officer or, where applicable, to the originating DEA laboratory by secure method, not to include regular mail.  The method can be secured delivery services (*i.e*., barcode tracking systems) offered by the United States Postal Service (such as registered mail) or by a commercial carrier;

(7) All reanalysis must be completed within ten (10) calendar days from the date of receipt of the sample(s)/exhibit.  Return of any residual substance and its original packaging must occur within five (5) calendar days following completion of the reanalysis.

(8) Any failure to follow the aforementioned procedures will render the reanalysis results scientifically unreliable, as those terms are used in the Federal Rules of Evidence or its state equivalent;

(9) Any failure by the defense to maintain the proper chain of custody will not render DEA Laboratory No. 2014-SFL7-02712, Exhibit Number 1, inadmissible for this reason.

IT IS SO ORDERED.

Dated: __**July 5, 2022**__  

_____  
UNITED STATES DISTRICT JUDGE